**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 31 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

JOHNNY J. BUSTAMONTE,

      Petitioner-Appellant,

v.

TIM LEMASTER, Warden;
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

      Respondents-Appellees.

No. 99-2220
(D. N.M.)
(D.Ct. No. CIV-97-423-JC)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

_____

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is therefore ordered submitted without oral argument.

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Johnny Bustamonte, a state inmate, appeals the district court's decision dismissing his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. We deny Mr. Bustamonte's request for a certificate of appealability and dismiss his appeal.

The State of New Mexico issued a twenty-one-count indictment against Mr. Bustamonte relating to a series of crimes involving residential burglaries. Although the State and Mr. Bustamonte's attorney entered into negotiations concerning a possible plea agreement, they never agreed on a sentencing disposition and, therefore, never entered into a written plea agreement. The State did, however, verbally offer to dismiss twelve of the counts against Mr. Bustamonte if he pled guilty to the remaining nine counts of aggravated burglary, robbery, armed robbery, aggravated battery and unlawful taking of a motor vehicle. After Mr. Bustamonte pled guilty to these nine counts, the State of New Mexico dismissed the remaining counts against him. At sentencing, the state trial court calculated the term of confinement at sixty-one and one-half years followed by two years parole, but suspended the sentence to twenty-five years, followed by two years parole and five years probation. Mr. Bustamonte unsuccessfully filed a state habeas petition, and the New Mexico Supreme Court denied his writ of certiorari.

Thereafter, Mr. Bustamonte filed his § 2254 petition claiming: (1) the State violated a plea agreement of thirteen and one-half years in prison when it recommended a thirty-six-year sentence at the sentencing hearing, and (2) his attorney acted ineffectively when failing to reduce the plea agreement to writing, unreasonably advising him to accept the plea and failing to investigate his claims of innocence.

The district court assigned the case to a magistrate judge who conducted an evidentiary hearing and issued a detailed and comprehensive report of findings and conclusions of law. The magistrate judge recommended dismissal of Mr. Bustamonte's petition, based on a determination: (1) Mr. Bustamonte entered his plea knowingly and voluntarily; (2) no plea agreement existed; and (3) his claims of ineffective assistance of counsel lacked merit. After conducting a *de novo* review of the magistrate judge's findings and recommendation, the district court adopted them and dismissed the petition with prejudice.

On appeal, Mr. Bustamonte presents the following issue for review:

> Whether [his] guilty plea was rendered involuntary and unintelligent due to his counsel's ineffective assistance when counsel did not ensure that the plea agreement was put in writing and misinformed him about the sentence he would receive as the result of the plea.

-3-

In support, Mr. Bustamonte renews the same arguments addressed by the magistrate judge and adopted by the district court, including his contention he and the State entered into a thirteen and one-half-year sentencing plea agreement. In addition, he contends the magistrate judge erred in not addressing his attorney's failure to reduce the plea agreement to writing in violation of state law. He also alleges error because the magistrate judge failed to address his attorney's hearing testimony stating he thought Mr. Bustamonte's sentence would range between a few years to fifteen or eighteen years, and that the sentence of twenty-five years reached beyond his and Mr. Bustamonte's expectations.[1]

We begin with the standard of review. "In reviewing the denial of a habeas corpus petition, we review the district court's factual findings under a clearly erroneous standard, and its legal conclusions *de novo*." *Rogers v. Gibson*, 173

---

[1] On appeal, Mr. Bustamonte also contends the magistrate judge contradictorily states a plea agreement did exist. Mr. Bustamonte refers to the magistrate judge's statement that "a plea agreement was entered with an agreement as to liability for certain charges but with no agreement as to disposition." A fair reading of the magistrate judge's recommendation establishes he meant the parties entered an "oral" agreement or accommodation for dismissal of the remaining charges, but not a written plea agreement on sentencing disposition. The magistrate judge's statement is qualified in the following sentence, in which he explains Mr. Bustamonte and his counsel "were given the expectation that the charges not pled to would be dismissed," which in fact did occur. Throughout the remainder of the recommendation, the magistrate judge clearly and correctly determined no plea agreement was entered with, or breached by, the State with respect to sentencing disposition.

F.3d 1278, 1282 (10th Cir. 1999), *cert. denied*, ___ U.S. ___, 2000 WL 29471 (U.S. Jan. 18, 2000) (No. 99-6954).  We also review *de novo* Mr. Bustamonte's ineffective assistance of counsel claim.  *United States v. Prows*, 118 F.3d 686, 691 (10th Cir. 1997).  Finally, we give due deference to the district court's determination of the credibility of witnesses, weight afforded their testimony, and reasonable inferences and conclusions drawn therefrom.  *United States v. Gama-Bastidas*, 142 F.3d 1233, 1239-40 (10th Cir. 1998).

Applying these standards, we have carefully reviewed the record on appeal. We note the magistrate judge provided a comprehensive, well-reasoned analysis of the facts, credibility determinations, and conclusions of law supporting his recommendation and the district court's dismissal.  Therefore, we find it unnecessary to duplicate the same analysis here on issues identical to those addressed below, and agree for substantially the same reasons articulated in the magistrate judge's recommendation that Mr. Bustamonte did not receive ineffective assistance of counsel.  In short, the record clearly supports the magistrate judge's findings no plea agreement existed on sentencing disposition, and, based on the magistrate judge's credibility determination, Mr. Bustamonte's attorney made no representation regarding such an agreement to Mr. Bustamonte. Therefore, Mr. Bustamonte had no expectation of a plea agreement of a thirteen-

and-one-half-year sentence, but only the possible dismissal of the remaining counts to which he did not plead guilty.

Given the magistrate judge's thorough analysis, we find no error in the magistrate judge's omission of any detailed discussion on Mr. Bustamonte's attorney's statement at the hearing as to his estimates or expectations for Mr. Bustamonte's sentence. While his attorney may have estimated, and Mr. Bustamonte may have even expected, a sentence substantially less than received, we have held that "such circumstances do not invalidate a plea or render it involuntary." *See Thomas v. Kerby*, 44 F.3d 884, 886 (10th Cir. 1995); *accord United States v. Broce*, 488 U.S. 563, 572 (1989) (pleading guilty "entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts"). Moreover, given the overwhelming evidence against Mr. Bustamonte and the impending possibility of an eighty-seven-year sentence, we cannot say his attorney's conduct in advising him to plead guilty, thereby resulting in his receipt of a twenty-five-year sentence, fell below an objective standard of reasonableness or that his performance, even if deficient, prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

Similarly, we reject Mr. Bustamonte's claim the magistrate judge did not address his attorney's failure to reduce the agreement to writing. We note the magistrate judge did address this issue, finding Mr. Bustamonte's argument on this issue "disingenuous" given the overwhelming evidence showing a plea agreement on sentencing never existed. Under similar circumstances, we held that while counsel may be professionally deficient in not insisting on a written plea agreement, "a document containing no promises regarding sentence would simply have confirmed the qualified character of any estimates counsel may have suggested with respect to [the] probable sentence." *See Thomas*, 44 F.3d at 886-87.

For these, and substantially the same reasons set forth in the magistrate judge's May 21, 1999 recommendation, we find Mr. Bustamonte fails to make "a substantial showing of the denial of a constitutional right," required for a certificate of appealability. 28 U.S.C. § 2253(c)(2). Accordingly, we deny Mr. Bustamonte's request for a certificate of appealability, and **DISMISS** the appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

-7-